IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| David Melvin, individually and on behalf of others similarly situated,<br><br>          Plaintiff(s),<br><br>     v.<br><br>Sequencing, LLC, a California limited liability company,<br><br>          Defendant. | Case No.<br><br>Assigned to Hon. |

## <u>NOTICE OF REMOVAL OF CIVIL ACTION</u>

Defendant Big Data Arts, LLC, a South Dakota limited liability company, doing business as Sequencing.com, erroneously named as Sequencing, LLC, a California limited liability company ("Defendant"), by and through its undersigned counsel, respectfully notifies the Court pursuant to the provisions of 28 U.S.C. §§ 1332, 1441 and 1446 that it hereby removes this action from the Circuit Court of Cook County, Illinois, Case No. 2021CH00431 (the "State Action"), where it currently is pending, to the United States District Court for the Northern District of Illinois.  This Court has jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d)(2)(A) and 1332(d)(6), because diversity of citizenship exists between Plaintiff David Melvin ("Melvin") and Defendant, the putative class exceeds, and Melvin alleges damages above, the statutory minimum pursuant to CAFA. (Compl., ¶ 30.)

Defendant provides this "short and plain statement of the grounds for removal" pursuant to 28 U.S.C. § 1446(a).  In the event the Court requires that Defendant prove the facts alleged in this pleading, or to otherwise establish jurisdiction, Defendant is prepared to do so.[1]  In compliance with 28 U.S.C. § 1446(a), Defendant asserts the following grounds for removal as set forth below.

## STATEMENT OF JURISDICTION

1.     This Court has original jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).  In relevant part, CAFA grants District Courts original jurisdiction over civil class actions filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant and where the amount in controversy for the putative class members in the aggregate exceeds the sum or value of $5,000,000, exclusive of interest and costs.  As set forth below, this case meets all of CAFA's

---

[1]     "The removing party, as the proponent of federal jurisdiction, bears the burden of describing how the controversy exceeds $5 million … This is a pleading requirement, not a demand for proof." *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008); *see also McNutt v. General Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936) (defendants must put forth competent proof "[i]f his allegations of jurisdictional facts are challenged by his adversary in any appropriate manner"). In the response to such a challenge, the District Court may consider the contents of the removal petition as well as any supplemental evidence later proffered by the removing defendant. *See, e.g., Meridian Security Ins. v. Sadowski*, 441 F.3d 536, 541-42 (7th Cir. 2006) (providing a non-exhaustive list of ways a proponent of federal jurisdiction can estimate the potential amount in controversy).

jurisdictional requirements and, therefore, the action could have been commenced in this Court.  Accordingly, removal is timely and the case is properly removed by the filing of this Notice.  The sole defendant[2], Big Data Arts, LLC, a South Dakota limited liability company, doing business as Sequencing.com (erroneously named as Sequencing, LLC, a California limited liability company), initiates, and thereby consents to, removal.

## VENUE

2.      The State Action was filed in the Circuit Court of Cook County, Illinois.  Therefore, venue is proper in the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. §§ 93(a), 1391(a) and 1441(a).  The United States District Court for the Northern District of Illinois is the federal district embracing the State Action, as the Northern District embraces the State of Illinois for the County of Cook, where Melvin originally filed the State Action.

## PLEADINGS, PROCESS AND ORDERS

3.      On or about January 28, 2021, Melvin initiated the State Action, a putative class action in the Circuit Court of Cook County, Illinois, Case No. 2021CH00431.  Melvin caused a summons to be issued in the State Action on March 24, 2021.  In accordance with 28 U.S.C. § 1446(a), a true and correct copy of the Complaint (together with all other process, pleadings and orders served upon Defendant) is attached to the concurrently filed Declaration of Craig B. Garner ("Garner Decl.") as Exhibit 1 and incorporated herein by this reference.

_____

[2]      Plaintiff erroneously sued Sequencing LLC as the defendant in this case.  Defendant, doing business as sequencing.com, is the owner of the Website at issue in this lawsuit.  *See* Declaration of Brandon Colby ("Colby Decl."), ¶ 4, concurrently filed with this Notice of Removal and incorporated by this reference.

4.      On or about March 26, 2021, Defendant was served with a Civil Summons and Complaint in the State Action.

5.      Pursuant to Rule 6(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1446(b)(1), this Notice of Removal is timely filed within thirty (30) days after service of the initial pleading in which the State Action is based.  *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 346 (1999).

## JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT

6.      Defendant owns and operates a platform for DNA testing and analysis (Compl., ¶ 1).  Melvin filed this action to seek damages for allegedly improper disclosures of the genetic data by Defendant of its customers, (Compl., ¶¶ 2-4), which Melvin claims violates the Illinois Genetic Information Privacy Act, 410 ILCS 513, *et seq.* ("GIPA"). (Compl., ¶ 4.)

7.      Melvin is a citizen of the State of Illinois. (Compl., ¶ 5.)

8.      The State Action contends that Defendant "routinely discloses its customers' genetic test results to third-party companies in order to perform the analysis on their genetic code," and that Defendant "fails to inform its customers that it disclosures its customers' genetic test results to third party companies in order to perform the analysis on their genetic code." (Compl., ¶¶ 21-22.)

9.      The State Action further contends that Defendant "fails to inform its customers that it discloses their highly sensitive genetic test results to unknown third parties and fails to obtain written authorization to disclose to such information from the consumer in violation of GIPA."  (Compl., ¶ 23.)

10.     The State Action alleges that damages range between $2,500 and $15,000 (Compl., ¶ 43), and that purportedly "information of thousands of Illinois citizens [ ] fall into the definition of the Class." (Compl., ¶ 30.)  Defendant can plausibly explain how the amount Melvin demands exceeds $5,000,000 and

includes more than 100 possible class members. *See ABM Sec. Services, Inc. v. Davis*, 646 F.3d 475, 478 (7th Cir. 2011).

11.     The legislative history makes it clear that Section 1332(d)(6) is to be interpreted expansively.  The Senate Committee states:

> . . . if a federal court is uncertain about whether "all matters in controversy" in a purported class action "do not in the aggregate exceed the sum or value of $5,000,000," the court should err in favor of exercising jurisdiction over the case. By the same token, the Committee intends that a matter be subject to federal court jurisdiction under this provision if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (e.g., damages, injunctive relief, or declaratory relief).

S. Rep. No. 109-114, at 42 (2005), *as reprinted in* 2005 U.S.C.C.A.N. 40.

12.     Accordingly, the State Action is one over which this Court has jurisdiction because this case satisfies the requirements found in the provisions of CAFA, codified at 28 U.S. §§ 1332(d) and 1453. *See ABM Sec. Services, Inc.*, 646 F.3d at 478-79; *Aliano v. Louisville Distilling Co., LLC*, 115 F. Supp. 3d 921, 927 (N.D. Ill. 2015); *see also Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197-98 (9th Cir. 2015).

13.     It is well established that the value of all claims in a putative class action against a defendant are added together in order to determine whether the requisite minimum for federal jurisdiction exists. *See Snyder v. Harris*, 394 U.S. 332, 335 (1969). The removing party need only establish federal jurisdictional facts by a preponderance of the evidence. *See Meridian Security Ins. v. Sadowski*,

441 F.3d 536, 543 (7th Cir. 2006). One way of determining the amount in controversy is to estimate the cost of complying with plaintiff's demands from either the plaintiff's or the defendant's perspective. *See id.* at 542. In establishing what a plaintiff stands to recover, a defendant seeking removal can establish that the jurisdictional amount is sufficient for removal by pointing to relevant contentions, admissions, settlement demands, or other evidence, including affidavits from the defendant's employees or experts. *See id.* at 541-42.

14. Though Defendant concedes no liability on Melvin's claims, assuming the allegations to be true for the purpose of this notice, Melvin's claims place in controversy a sum greater than $5,000,000.

15. This Court has subject matter jurisdiction pursuant to CAFA because: (1) the putative class action consists of at least 100 proposed class members; (2) no defendant is a state, state official or other governmental entity; (3) the citizenship of at least one putative class member is different from that of any defendant; and (4) the aggregate amount placed in controversy by the claims of Plaintiffs and the proposed class members exceeds the sum or value of $5,000,000, exclusive of interest and costs.

16. CAFA defines the term "class action" as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar state statute or rule of judicial procedure authorizing an action be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). This action has been filed as a state court class action pursuant to 735 ILCS 5/2-801, *et seq.*, which is similar to Fed. R. Civ. P. 23. (Compl., ¶ 41.). Accordingly, the State Action falls within the definition of class action as set forth in CAFA.

17. Defendant agrees that the putative class numbers exceed 100 based on the criteria of the class set forth in the Complaint. *See* Colby Decl, ¶ 5. Therefore,

the aggregate number of class members in Melvin's proposed class is greater than 100 for the purpose of satisfying 28 U.S.C. § 1332(d)(5)(B).

18.     The jurisdictional requirement of minimal diversity pursuant to CAFA, 28 U.S.C. § 1332(d)(2)(A), is satisfied as Melvin and Defendant are citizens of different states.  Defendant is a South Dakota limited liability company, erroneously named as a California limited liability company.  Pursuant to CAFA, 28 U.S.C. § 1332(d)(10), Defendant is not now, and was not at the time the original Complaint was filed, a citizen of the State of Illinois. (Colby Decl., ¶ 6.)

19.     By removing this State Action, Defendant does not waive any rights or defenses available to it.

## SERVICE ON THE STATE COURT

20.     A copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of Cook County, Illinois, Case No. 2021CH00431, where it is currently pending, and written notice is being sent to Melvin's counsel.

21.     The prerequisites for removal under 28 U.S.C. § 1441 have been met.

22.     The allegations of this Notice are true and correct, and this case is removable to the United States District Court for the Northern District of Illinois.

23.     Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings and orders served upon Plaintiff in the State Action are attached as Exhibit 1 to the Garner Decl.

24.     If any question arises as to the propriety of the removal of this action, Defendant respectfully requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

25.     Defendant reserves the right to amend or supplement this Notice of Removal, as well as all rights and remedies in connection with the State Action.

**WHEREFORE**, Defendant, by and through its counsel, and through the filing of this Notice of Removal, the giving of written notice thereof to Melvin, and the filing of a copy of this Notice with the Clerk of the Circuit Court of Cook County, Illinois, Case No. 2021CH00431, request that the State Action be removed to this Court.

Respectfully Submitted,

Dated: April 23, 2021

By: */s/ Craig B. Garner*
    Craig B. Garner (ILND No. 451427)
    GARNER HEALTH LAW CORPORATION
    13274 Fiji Way, Suite 250
    Marina del Rey, CA 90292
    Tel. (310) 458-1560
    Fax. (310) 694-9025
    Email:  craig@garnerhealth.com

By: */s/ Joshua L. Harris*
    Joshua L. Harris (ARDC No.
    6331095) FOLEY & LARDNER LLP
    321 N. Clark Street, Suite 3000
    Chicago, IL 60654
    Tel. (312) 832-4500
    Fax. (312) 832-4700
    Email: jlharris@foley.com

*Attorneys for Defendant BIG DATA ARTS,*
*LLC, doing business as Sequencing.com*
*(erroneously named as Sequencing, LLC)*

NOTICE OF REMOVAL
PAGE 8

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 23, 2021, I caused a copy of the foregoing **NOTICE OF REMOVAL OF CIVIL ACTION** to be served upon counsel in the manner described below:

VIA OVERNIGHT DELIVERY AND ELECTRONIC DELIVERY (EMAIL):

> Jay Edelson (jedelson@edelson.com)
> Benjamin H. Richman (brichman@edelson.com)
> Michael W. Ovca (movca@edelson.com)
> Edelson PC
> 350 North LaSalle St., 14th Floor
> Chicago, Illinois 60654
> *Counsel for Plaintiff*

Service was made by electronic delivery (email) on April 23, 2021. The email addressed I used for delivery was the same as listed by counsel for Plaintiff in that case.

Service was also made by overnight delivery on April 23, 2021. The address used for Melvin's counsel is the same address set forth in the Complaint. This pleading was placed in an envelope for collection and overnight delivery at a regularly used FedEx office.

I declare under the penalty of perjury of the laws of the United States of America and the State of Illinois that this Certificate of Service is correct, and executed on April 23, 2021.

> */s/ Craig B. Garner*
> Craig B. Garner
> Attorneys for Defendant