IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| David Melvin, individually and on behalf of others similarly situated,<br><br>    Plaintiff(s),<br><br>    v.<br><br>Sequencing, LLC, a California limited liability company,<br><br>    Defendant. | Case No.<br><br>Assigned to Hon. |

## **DECLARATION OF CRAIG B. GARNER**

    1.    I, Craig B. Garner, declare:

    2.    I am a resident of Los Angeles County, California. I am counsel of record for defendant Big Data Arts, LLC, a South Dakota limited liability company ("BDA"), doing business as Sequencing.com, and erroneous sued in this case as Sequencing, LLC. I am admitted to the General Bar of the United States District Court, Northern District of Illinois (Bar No. 451427). Defendant has also retained Local Counsel in this case as required under Local Rules.

//

//

3. Attached hereto and incorporated herein by this reference as <u>Exhibit 1</u> is a true and correct of the pleadings of which I am aware in the Circuit Court of Cook County, Illinois, Case No. 2021CH00431 (the "State Action").

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 23rd day of April, 2021, at Marina del Rey California.

By: *(signature)*
Craig B. Garner

**EXHIBIT 1**
**Pleadings from the State Court Action**

FILED
3/24/2021 11:13 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH00431

12694771

| | | |
|---|---|---|
| 2120 - Served | 2121 - Served | 2620 - Sec. of State |
| 2220 - Not Served | 2221 - Not Served | 2621 - Alias Sec of State |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |

Summons - Alias Summons                                    (12/01/20) CCG 0001 A

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Name all Parties

David Melvin, individually and on behalf of all others similarly situated

Plaintiff(s)

v.

Sequencing, LLC, a California limited liability company,

Defendant(s)

Alexandre I. Cornelius Esq., 1299 Ocean Ave., Suite 450, Santa Monica, CA 90401

Address of Defendant(s)

Case No. 2021CH00431

Please serve as follows (check one):   ○ Certified Mail   ○ Sheriff Service   ● Alias

## SUMMONS

To each Defendant:

You have been named a defendant in the complaint in this case, a copy of which is hereto attached. You are summoned and required to file your appearance, in the office of the clerk of this court, within 30 days after service of this summons, not counting the day of service. If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

**THERE WILL BE A FEE TO FILE YOUR APPEARANCE.**

To file your written appearance/answer **YOU DO NOT NEED TO COME TO THE COURTHOUSE.** You will need: a computer with internet access; an email address; a completed Appearance form that can be found at http://www.illinoiscourts.gov/Forms/approved/procedures/appearance.asp; and a credit card to pay any required fees.

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org

# Summons - Alias Summons
(12/01/20) CCG 0001 B

E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit www.illinoislegalaid.org.

If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www.illinoislegalaid.org. You can also ask your local circuit clerk's office for a fee waiver application.

Please call or email the appropriate clerk's office location (on Page 3 of this summons) to get your court hearing date AND for information whether your hearing will be held by video conference or by telephone. The Clerk's office is open Mon - Fri, 8:30 am - 4:30 pm, except for court holidays.

**NOTE: Your appearance date is NOT a court date. It is the date that you have to file your completed appearance by. You may file your appearance form by efiling unless you are exempted.**

A court date will be set in the future and you will be notified by email (either to the email address that you used to register for efiling, or that you provided to the clerk's office).

**CONTACT THE CLERK'S OFFICE for information regarding COURT DATES by visiting our website: cookcountyclerkofcourt.org; download our mobile app from the AppStore or Google play, or contact the appropriate clerk's office location listed on Page 3.**

To the officer: (Sheriff Service)

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than thirty (30) days after its date.

● Atty. No.: 62075
○ Pro Se 99500

Name: Benjamin H. Richman
Atty. for (if applicable):
Plaintiff David Melvin

Address: 350 North LaSalle Street, 14th Floor
City: Chicago
State: IL  Zip: 60654
Telephone: 312.589.6377
Primary Email: brichman@edelson.com

Witness date  3/24/2021 11:13 AM IRIS Y. MARTINEZ

IRIS Y. MARTINEZ, Clerk of Court

☐ Service by Certified Mail
☐ Date of Service: _____
(To be inserted by officer on copy left with employer or other person)

Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois
cookcountyclerkofcourt.org
Page 2 of 3



FILED DATE: 3/24/2021 11:13 AM 2021CH00431

# GET YOUR COURT DATE BY CALLING IN OR BY EMAIL

**CALL OR SEND AN EMAIL MESSAGE** to the telephone number or court date email address below for the appropriate division, district or department to request your next court date. Email your case number, or, if you do not have your case number, email the Plaintiff or Defendant's name for civil case types, or the Defendant's name and birthdate for a criminal case.

### CHANCERY DIVISION
**Court date EMAIL:** ChanCourtDate@cookcountycourt.com
Gen. Info: (312) 603-5133

### CIVIL DIVISION
**Court date EMAIL:** CivCourtDate@cookcountycourt.com
Gen. Info: (312) 603-5116

### COUNTY DIVISION
**Court date EMAIL:** CntyCourtDate@cookcountycourt.com
Gen. Info: (312) 603-5710

### DOMESTIC RELATIONS/CHILD SUPPORT DIVISION
**Court date EMAIL:** DRCourtDate@cookcountycourt.com
OR
ChildSupCourtDate@cookcountycourt.com
Gen. Info: (312) 603-6300

### DOMESTIC VIOLENCE
**Court date EMAIL:** DVCourtDate@cookcountycourt.com
Gen. Info: (312) 325-9500

### LAW DIVISION
**Court date EMAIL:** LawCourtDate@cookcountycourt.com
Gen. Info: (312) 603-5426

### PROBATE DIVISION
**Court date EMAIL:** ProbCourtDate@cookcountycourt.com
Gen. Info: (312) 603-6441

### ALL SUBURBAN CASE TYPES
### DISTRICT 2 - SKOKIE
**Court date EMAIL:** D2CourtDate@cookcountycourt.com
Gen. Info: (847) 470-7250

### DISTRICT 3 - ROLLING MEADOWS
**Court date EMAIL:** D3CourtDate@cookcountycourt.com
Gen. Info: (847) 818-3000

### DISTRICT 4 - MAYWOOD
**Court date EMAIL:** D4CourtDate@cookcountycourt.com
Gen. Info: (708) 865-6040

### DISTRICT 5 - BRIDGEVIEW
**Court date EMAIL:** D5CourtDate@cookcountycourt.com
Gen. Info: (708) 974-6500

### DISTRICT 6 - MARKHAM
**Court date EMAIL:** D6CourtDate@cookcountycourt.com
Gen. Info: (708) 232-4551

Return Date: No return date scheduled
Hearing Date: 6/1/2021 10:30 AM - 10:30 AM
Courtroom Number: 2102
Location: District 1 Court
Cook County, IL

12-Person Jury

FILED
1/28/2021 10:28 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH00431

12004932

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMNET, CHANCERY DIVISION

| | |
|---|---|
| DAVID MELVIN, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>SEQUENCING, LLC, a California limited liability company,<br><br>*Defendant.* | Case No.:<br><br>2021CH00431 |

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff David Melvin brings this class action complaint against Defendant Sequencing, LLC to put an end to its unlawful disclosure of Plaintiff's and the proposed Class's genetic information. Plaintiff, on behalf of himself and all other similarly situated, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief.

## NATURE OF THE ACTION

1. Defendant owns and operates the world's largest platform for DNA testing and analysis, *Sequencing.com*. To use its services, consumers must first visit Defendant's website and order a DNA test or, if they have already taken a DNA test (from Sequencing.com or any other genetics testing service), create an account and upload their DNA test results. Defendant's customers can then use its platform to perform analyses on their DNA and produce various reports derived from their genetic code. By doing so, Defendant allows its customers to make discoveries and insights about their ancestry, health, fitness, and much more.

1

FILED DATE: 1/28/2021 10:28 AM 2021CH00431

2. But that's not all Defendant does with its customers' genetic data. Unbeknownst to them, Defendant shares its customers' highly sensitive and personal genetic test results with third parties—entirely without the customer's consent.

3. Worst of all, Defendant's disclosure of its customers' genetic test results also includes sensitive personal information sufficient to identify them, such as their name, email address, and in some instances, their age and weight.

4. Defendant's practice of disclosing its customers' genetic information to third parties without first obtaining consent poses serious and irreversible privacy risks. Defendant's disclosure of sensitive genetic information also violates the Illinois Genetic Information Privacy Act, 410 ILCS 513, *et seq.* ("GIPA"), which makes it unlawful for companies that collect genetic information to disclose such information without first obtaining written authorization.

## PARTIES

5. Plaintiff David Melvin is a natural person and a citizen of the State of Illinois.

6. Defendant Sequencing, LLC is a limited liability company organized and existing under the laws of California, with its principal place of business located at 201 North Brand Boulevard, Suite 200, Glendale, California 91203. Sequencing, LLC does business throughout the State of Illinois, Cook County, and throughout the United States.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over Defendant pursuant to 735 ILCS 5/2-209 because Defendant conducts business transactions in Illinois and has committed tortious acts in Illinois.

8. Venue is proper in Cook County because Defendant is a nonresident of the State and, as such, this action may be commenced in any county of the State.

## COMMON FACTUAL ALLEGATIONS

### I. The Danger of Disclosing an Individual's Genetic Information.

9. There are many beneficial uses for genetic information, including detecting and preventing illnesses, aiding in criminal investigations, or uncovering a person's family history. Yet research shows that this data may also be exploited for discriminatory and abusive purposes. Indeed, hundreds of documented cases already tell the story of how genetic data has been relied on in denying individuals and their families employment opportunities, as well as health and life insurance.

10. These types of abuses can be accomplished with access to even a small amount of a person's genetic information. In a 2013 study published by the American Association for the Advancement of Science, a researcher was able to identify a group of individuals—and their families—equipped with only limited information about the individuals such as their long strings of DNA letters, ages, and states of residence.

11. Commentators have noted that an individual's genetic information has implications for his or her family members and future generations and that the misuse of genetic information could have intergenerational effects that are far broader than any individual incident of misuse. In light of the above, it becomes evident why the Illinois Legislature enacted GIPA to protect the privacy of its citizens' DNA.

### II. Illinois' Genetic Information Privacy Act.

12. Prior to enactment of GIPA, an individual's genetic test results were not considered confidential information under Illinois law. The Illinois Legislature recognized the significance of this, noting that "[d]espite existing laws, regulations, and professional standards which require or promote voluntary and confidential use of genetic testing information, many

3

members of the public are deterred from seeking genetic testing because of fear that test results will be disclosed without consent in a manner not permitted by law or will be used in a discriminatory manner." 410 ILCS 513/5.

13. To that end, the Illinois Legislature enacted GIPA, recognizing that "[t]he public health will be served by facilitating voluntary and *confidential* nondiscriminatory use of genetic testing information." *Id.* (emphasis added). In short, GIPA simply says that the results of a DNA or genetic test are confidential, that the person that had that test is the one that is entitled to the results, and that no one else can have those results without that person's knowledge or permission.

14. To achieve this goal, GIPA proscribes any person from, among other things, disclosing genetic testing and information derived from genetic testing to any person other than the individual tested or to persons specifically authorized in writing in accordance with the Act. *See* 410 ILCS 513/15(a).

15. As discussed throughout this Complaint, Defendant's use of Plaintiff's and the proposed Class's genetic test results resulted in the improper disclosure of their genetic information without first obtaining their written authorization.

### III. Sequencing.com Violates the Illinois Genetic Information Privacy Act.

16. Sequencing.com is a commercial genetics company that claims to offer the "world's largest collection of DNA analysis reports." Indeed, Sequencing.com offers more than 100 DNA analysis apps and reports that analyze your genome and provide insights to help you achieve your goals. Defendant's reports allow consumers to gain insights about their "health, ancestry, nutrition, fitness, lifestyle and more."

4

17. Genetic information is extremely sensitive. Defendant understands this and, as such, promises throughout its website that it puts "privacy first" and assures its customers that it will "not sell or share your data with anyone." *See* Figure 1, showing a screenshot from Sequencing.com.

**Privacy First.**
We do not sell or share your data with anyone.

(**Figure 1.**)

18. Defendant also makes various additional promises and assurances to its customers regarding the privacy of their genetic information. Defendant boasts that its customers are "always in full control of [their] data" and that it does "not sell or share [their] data, including . . . DNA data, with anyone." *See* Figure 2, showing a screenshot from Sequencing.com.

> **You own your data.**
> - You're always in full control of your data.
> - Your raw data and reports are securely stored in your Sequencing.com account.
> - You can download, share and permanently delete your data for free and at any time, directly from your account.
>
> **We protect your data.**
> - Your entire account, including your data and your DNA data, is private and confidential.
> - Your account is protected by our advanced security system. Like a bank, no one except for you can access your data.
> - Your data is stored in our highly secure data centers in the USA.
>
> **Our only allegiance is to you.**
> - We do not sell or share your data, including your DNA data, with anyone.
> - We are a private company in the USA run by medical physicians and geneticists.
> - We are not owned (not even a little) by tech giants, pharmaceutical companies or governmental agencies.
> - We do not allow your data to be accessed by pharmaceutical companies, insurance companies, law enforcement agencies, governments, or anyone other than you.

(**Figure 2.**)

19. In order to use Defendant's services, prospective customers must first create an account on Sequencing.com by providing his or her full name and email address. After registering, customers then have the option of ordering a DNA test kit (typically costing between $69 and $399) or uploading his or her DNA test results obtained from a different genetic testing company.

20. Once the customer has uploaded his or her DNA test results, he or she can browse and ultimately purchase various reports from Sequencing.com. *See* Figure 3, showing a screenshot from Sequencing.com. Each report can be purchased at a different price and provides different types of insights derived from the customer's genetic test results. For example,

6

Defendant offers a "Sleep DNA Wellness Report" for $59 that helps the consumer gain insight into sleep-related conditions and provides consumers a "genetically-tailored guide for improving [his or her] sleep."



(**Figure 3.**)

21. By purchasing a report, a customer's genetic code (obtained from the DNA test) is analyzed, and then a report is generated containing an analysis of their genetic code.

22. Unbeknownst to its customers however, Sequencing.com routinely discloses its customers' genetic test results to third-party companies in order to perform the analysis on their genetic code.

23. Ultimately, Sequencing.com fails to inform its customers that it discloses their highly sensitive genetic test results to unknown third parties and fails to obtain written authorization to disclose such information from the consumer in violation of GIPA.

FILED DATE: 1/28/2021 10:28 AM 2021CH00431

## FACTS SPECIFIC TO PLAINTIFF MELVIN

24. In early 2020, Plaintiff Melvin created an account with Sequencing.com and uploaded his genetic information from a genetic test he previously took.

25. Melvin purchased a membership and ordered at least 14 various genetic reports from Sequencing.com. On information and belief, Sequencing.com disclosed Melvin's sensitive genetic information together with information sufficient to identify him (such as his full name and email address) to third-party developers.

26. Due to the highly sensitive nature of DNA test results together with Defendant's representations regarding the privacy of its customers' genetic information, Melvin believed that the information he submitted to Sequencing.com would be kept confidential, private, and secure.

27. Sequencing.com never informed Melvin that his genetic information would be disclosed to anyone—let alone unknown third-party developers—when he ordered a report.

28. Melvin never consented, agreed, or gave permission—written or otherwise—to Sequencing.com to disclose his genetic information to anyone.

## CLASS ALLEGATIONS

29. **Class Definition:** Plaintiff David Melvin brings this action pursuant to Illinois Code of Civil Procedure 735 ILCS 5/2-801 on behalf of himself and a proposed class, defined as follows:

> All people located in the State of Illinois who had their genetic test results disclosed to any third party by Defendant.

Excluded from the Class are (1) Defendant, Defendant's agents, subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current and former employees, officers, and directors, (2) the Judge or Magistrate Judge to whom this case is assigned and the Judge's or Magistrate Judge's immediate family, (3) persons

8

who execute and file a timely request for exclusion, (4) the legal representatives, successors, or assigns of any such excluded person; and (5) Plaintiff's counsel and Defendant's counsel.

30. **Numerosity**: The exact size of the Class is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. Defendant is the world's largest platform for DNA testing and analysis and, on information and belief, has disclosed to third parties the genetic information of thousands of Illinois citizens who fall into the definition of the Class. Ultimately, members of the Class can be easily identified through Defendant's records.

31. **Commonality and Predominance:** There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

   a) Whether Defendant disclosed the Plaintiff's and the Class members' genetic information to any third party;

   b) Whether Defendant first obtained written authorization from Plaintiff and the Class before disclosing their genetic information; and

   c) Whether Defendant's conduct violates GIPA.

32. **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Class, and he has retained counsel competent and experienced in complex class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so. Neither Plaintiff nor his counsel have any interest adverse to the class.

FILED DATE: 1/28/2021 10:28 AM 2021CH00431

33. **Appropriateness:** This class action is appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy and joinder of all members of the Class is impracticable. The damages suffered by the individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's wrongful conduct. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief for Defendant's misconduct. Even if each member of the Class could sustain such individual litigation, it would not be preferable to a class action because individual litigation would increase the delay and expenses to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

### FIRST CAUSE OF ACTION
### Violation of 410 ILCS 513
### (On Behalf of Plaintiff and the Class)

34. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

35. Defendant Sequencing is a limited liability company and, therefore, a "person" under 410 ILCS 513/10.

36. Plaintiff and the Class uploaded the analysis of their DNA to Sequencing.com and, therefore, provided Defendant with "genetic test[s]" and/or the "information derived from genetic testing" within the meaning of GIPA.

37. Unfortunately for Plaintiff and the Class, Defendant disclosed their genetic tests information derived from genetic tests to various unknown third-party companies.

38. Furthermore, Defendant disclosed Plaintiff's and the Class members' identifying information to various unknown third-party companies by providing them with Plaintiff's and the Class members' full names and email addresses.

39. Such disclosures are plainly prohibited by GIPA because they contain, among other things, the results of Plaintiff's and the Class's genetic tests, including in a manner that permits identification of the subject of the test. *See* 410 ILCS 513/15 and 30.

40. Defendant did not obtain any authorization—including written authorization—from Plaintiff or the Class members before disclosing their genetic test results as mandated by 410 ILCS 513/30(a)(2).

41. By disclosing the results of their genetic tests and also information sufficient to identify the Plaintiff and the Class members (such as their names and email addresses) to any third parties as described herein, Defendant violated Plaintiff's and the Class's statutorily protected rights to privacy in their genetic information as set forth in GIPA.

42. Further, when Plaintiff paid Defendant for a genetic report, he did not expect that his full genetic test results would be disclosed to anyone. Had he known that Defendant would in fact disclose his full test results, he would not have purchased a genetic report from Defendant, or he would have only done so in exchange for a discount from the price paid. As such, because Defendant *did* disclose his full genetic test results, Melvin suffered damages in an amount equal to the difference between the price he paid to Defendant, and the price he would have been willing to pay had he known that his full genetic test results would be disclosed.

43. On behalf of himself and the Class, Plaintiff seeks: (1) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring Defendant comply with GIPA; (2) liquidated damages of $15,000 or actual damages—whichever is

11

FILED DATE: 1/28/2021 10:28 AM 2021CH00431

greater—for the intentional and reckless violation of GIPA pursuant to 410 ILCS 513/40(a)(2), or alternatively, liquidated damages of $2,500 or actual damages—whichever is greater—if the Court finds that Defendant's actions were negligent; and (3) costs and reasonable attorneys' fees pursuant to 410 ILCS 513/40(a)(3).

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff David Melvin, individually and on behalf of the Class, respectfully requests that this Court enter an Order:

A. Certifying the Class as defined above, appointing Plaintiff David Melvin as the representative of the Class, and appointing his counsel as Class Counsel;

B. Declaring that Defendant's conduct described herein violates GIPA;

C. Awarding liquidated damages of $15,000 or actual damages—whichever is greater—for the intentional and reckless violation of GIPA pursuant to 410 ILCS 513/40(a)(2), or alternatively, liquidated damages of $2,500 or actual damages—whichever is greater—if the Court finds that Defendant's actions were negligent;

D. Awarding injunctive and other equitable relief as is necessary to protect the interests of Plaintiff and the Class, including, among other things, an order requiring Defendant to comply with GIPA;

E. Awarding reasonable attorneys' fees and costs; and

F. Such other and further relief that the Court deems reasonable and just.

### JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully Submitted,

**DAVID MELVIN**, individually and on behalf of all other similarly situated individuals,

Dated: January 28, 2021                    By: /s/Benjamin H. Richman
                                                One of Plaintiff's Attorneys

                                           Jay Edelson
                                           jedelson@edelson.com
                                           Benjamin H. Richman
                                           brichman@edelson.com
                                           Michael W. Ovca
                                           movca@edelson.com
                                           EDELSON PC
                                           350 North LaSalle Street, 14th Floor
                                           Chicago, Illinois 60654
                                           Tel: 312.589.6370
                                           Fax: 312.589.6378
                                           Firm ID: 62075

# CERTIFICATE OF SERVICE

I hereby certify that on April 23, 2021, I caused a copy of the foregoing **DECLARATION OF CRAIG B. GARNER** to be served upon counsel in the manner described below:

VIA OVERNIGHT DELIVERY AND ELECTRONIC DELIVERY (EMAIL):

Jay Edelson (jedelson@edelson.com)
Benjamin H. Richman (brichman@edelson.com)
Michael W. Ovca (movca@edelson.com)
Edelson PC
350 North LaSalle St., 14th Floor
Chicago, Illinois 60654
*Counsel for Plaintiff*


Service was made by electronic delivery (email) on April 23, 2021. The email addressed I used for delivery was the same as listed by counsel for Plaintiff in that case.

Service was also made by overnight delivery on April 23, 2021. The address used for Melvin's counsel is the same address set forth in the Complaint. This pleading was placed in an envelope for collection and overnight delivery at a regularly used FedEx office.

I declare under the penalty of perjury of the laws of the United States of America and the State of Illinois that this Certificate of Service is correct, and executed on April 23, 2021.


*/s/ Craig B. Garner*
Craig B. Garner
Attorneys for Defendant