UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID MELVIN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SEQUENCING, INC.,<br><br>Defendant. | Case No. 1:21-cv-02194<br><br>Hon. Elaine E. Bucklo |

## JOINT MOTION TO STAY

Plaintiff David Melvin ("Plaintiff") and Defendant Sequencing, Inc. ("Defendant") jointly and respectfully move to stay this matter for forty-five (45) days to allow the parties to continue to progress their settlement discussions without incurring the cost of sending potentially duplicative class notice. In support of this motion, the parties state as follows:

1. Since the Court approved the proposed notice to the certified class, the parties have continued to explore the possibility of settlement. In connection with this, Defendant provided Plaintiff with additional information related to the class's composition and the parties' counsel have held several conversations to discuss this information and the potential for resolution. Most recently, Plaintiff's counsel provided an updated settlement proposal to Defendant on July 22, 2024, and had another call with Defendant's counsel that day.

2. The parties have previously moved to extend the notice date so that they can focus on settlement without incurring notice costs that could be unnecessary. Given the posture of the case and the parties settlement discussions, the parties respectfully request that current deadlines be stayed for forty-five (45) days so that Defendant may consider and respond to Plaintiff's latest

proposal, and so that the parties can have further settlement discussions. If the parties reach a stalemate or settlement during that timeframe, they will inform the Court.

3.	District courts have the inherent authority to control their own docket. *Varnado v. W. Liberty Foods*, No. 20 C 2035, 2021 WL 545628, at *1 (N.D. Ill. Jan. 5, 2021) (citing *Dotson v. Bravo*, 321 F.3d 663, 667 (7th Cir. 2003)). "That inherent authority includes the power to stay proceedings where the party seeking the stay would be spared hardship or inequity, the prejudice to the nonmovant would be comparatively minor, and the stay would significantly advance judicial economy." *Id.* (quoting *Freed v. Friedman*, 215 F.Supp.3d 642, 658 (N.D. Ill. 2016). In evaluating whether to grant a motion to stay, courts consider: "(i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court." *Vaughan v. Biomat USA, Inc.*, No. 1:20 CV 04241, 2020 WL 6262359, at *1 (N.D. Ill. Oct. 23, 2020).

4.	The parties submit that good cause exists to grant the requested relief, and that the stay is not being sought for any improper purpose. To the contrary, judicial economy, and party resources, are conserved by allowing the requested stay.

Wherefore, the parties respectfully request that the Court enter an Order: (i) staying pending deadlines in this case for forty-five (45) days; (ii) setting a joint status report due on or before the expiration of the stay; and (iii) awarding such other and further relief as the Court deems reasonable and just.

Respectfully submitted,

Dated: July 26, 2024                                    By: */s/ Michael W. Ovca*

Benjamin H. Richman

brichman@edelson.com
Roger Perlstadt
rperlstadt@edelson.com
Michael W. Ovca
movca@edelson.com
EDELSON PC
350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

Dated: July 26, 2024

By: */s/ Joel Griswold (with permission)*

Joel Griswold
Bonnie Keane DelGobbo
BAKER & HOSTETLER LLP
One North Wacker Drive, Suite 4500
Chicago, Illinois 60606
Tel: 312.416.6200
Fax: 312.416.6201
jcgriswold@bakerlaw.com
bdelgobbo@bakerlaw.com

## **CERTIFICATE OF SERVICE**

I certify that on July 26, 2024, a true and correct copy of the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record.

/s/ Michael W. Ovca