IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| DAVID MELVIN, individually and on behalf of all others similarly situated<br><br>*Plaintiff,*<br><br>v.<br><br>SEQUENCING, INC., a California limited liability company,<br><br>*Defendant.* | Case No.: 1:21-cv-02194<br><br>Hon. Elaine E. Bucklo |

### ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

This matter coming before the Court on Plaintiff's Motion for and Memorandum in Support of Preliminary Approval of Class Action Settlement, good cause being shown, and the Court being fully advised in the premises,

IT IS ORDERED AS FOLLOWS:

1. Terms and phrases in this Order shall have the same meaning ascribed to them in the Class Action Settlement Agreement, (dkt. 26-1).

2. Plaintiff has moved the Court for an order preliminarily approving the settlement of the Action in accordance with the Settlement Agreement, which, together with its incorporated documents, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice. The Court having read and considered the Settlement Agreement, and being fully advised in the premises, preliminarily approves the Settlement Agreement in its entirety subject to the Final Approval Hearing referred to in this Order. The Court further certifies the Settlement Class for purposes of settlement only and finds that the Settlement Class defined below is likely to be certified for purposes of entering the Final

1

Approval Order, appoints Class Counsel and the Class Representative, and approves the Notice plan.

**Certification of the Settlement Class**

3. Pursuant to Federal Rule of Civil Procedure 23(c)(2)(C), and for the purposes of settlement only, the Court modifies the definitions of the class and subclass the Court previously certified (dkt. 60) to align with the definition of the Settlement Class and certifies the following class pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3):

> All individuals with a Sequencing.com account who had their genetic information shared with a third party between January 28, 2016, and April 8, 2021.

Excluded from the Settlement Class are: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest; (3) persons who properly execute and file a timely request for exclusion from the Settlement Class; (4) the legal representatives, successors or assigns of any such excluded persons; and (5) individuals who signed up for a Sequencing.com account by checking a box next to a hyperlink to terms of use containing an arbitration clause and information-sharing disclosure.

4. The Court finds that, subject to the Final Approval Hearing referred to below, the Settlement Agreement is fundamentally fair, adequate, and reasonable, and, for the purposes of settlement only, that the Settlement Class likely satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure for purposes of entering the Final Approval Order. Specifically, and for the same reasons set forth in the Court's previous class certification order (dkt. 60), the Settlement Class is so numerous that

joinder of all members is impracticable (*id.* at 6); there are questions of fact and law common to the Settlement Class (*id.* at 7–8 (recognizing "six common questions that will have to be answered to establish [D]efendant's liability under GIPA")); Plaintiff's claims are typical of the claims of the Settlement Class Members that he proposes to represent (*id.* at 8); Plaintiff and Class Counsel will fairly and adequately protect the interests of the Settlement Class (*id.* at 8–9); common questions of law or fact predominate over questions affecting individual Settlement Class Members (*id.* at 9–10); and a class action is a superior method for fairly and efficiently adjudicating the Settlement Class's claims (*id.*).

**Preliminary Approval of the Settlement**

5. For purposes of settlement only, Michael Ovca of Edelson PC is appointed Class Counsel for the Settlement Class. As the Court previously found, "the record amply demonstrates class counsel's competence." (Dkt. 60 at 9.) Thus, the Court finds counsel is capable of exercising the responsibilities of Class Counsel for settlement purposes.

6. For purposes of settlement only, Plaintiff David Melvin is named the Settlement Class Representative. As the Court previously recognized Plaintiff's adequacy, (dkt. 60), the Court finds Plaintiff will adequately protect the interests of the Settlement Class defined above.

7. The Court finds that, subject to the Final Approval Hearing, the Settlement Agreement is fair, reasonable, and adequate, is likely to be approved under Federal Rule of Civil Procedure 23(e)(2), and is in the best interests of the Settlement Class set forth above. The Court further preliminarily finds that the Settlement Class substantially fulfills the purposes and objectives of the class action mechanism, and the Settlement

3

Agreement provides substantial relief to the Settlement Class without the risks, burdens, costs, or delay associated with continued litigation, trial, and/or appeal. The Court also finds that the Settlement Agreement (a) is the result of arm's-length negotiations between experienced class action attorneys (b) is sufficient to warrant notice of the settlement and the Final Approval Hearing to be disseminated to the Settlement Class; (c) meets all applicable requirements of law, including Federal Rule of Civil Procedure 23 and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715; and (d) is not a finding or admission of liability by the Defendant or any other parties.

8. The Court approves, as to form, content, and method of distribution, the Notice plan and all forms of Notice to the Settlement Class as set forth in the Settlement Agreement and Exhibits thereto, and finds that such Notice is the best notice practicable under the circumstances, and that the Notice complies fully with the requirements of the Federal Rules of Civil Procedure. The Court also finds that the Notice constitutes valid, due and sufficient notice to all persons entitled thereto, and meets the requirements of Due Process. The Court further finds that the Notice is reasonably calculated, under all circumstances, to apprise Settlement Class Members of the pendency of the Action, the terms of the Settlement Agreement, and the right to object to the Settlement Agreement, or to exclude themselves from the Settlement Class. The parties, by agreement, may revise the Notice in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting for publication.

9. The Court approves the request for the appointment of Simpluris, Inc. as Settlement Administrator under the Settlement Agreement.

10. Pursuant to 4.2 of the Settlement Agreement, the Settlement Administrator shall send direct Notice and provide Notice on the Settlement Website as called for under the Settlement by the Notice Date, ninety (90) days after the entry of this Order, and shall provide Notice on the Settlement Website within fourteen (14) days after entry of this Order.

**Exclusions**

11. All persons who fall within the Settlement Class's definition and who wish to exclude themselves from the Settlement Class must submit their request for exclusion in writing on or before the Objection/Exclusion Deadline of [146 days after entry of this Order]. Any Settlement Class Members so excluded shall neither be bound by the terms of the Settlement Agreement nor entitled to any of its benefits.

12. To be valid, any request for exclusion must (a) be in writing; (b) identify the case name *Melvin v. Sequencing, Inc.*, No. 21-cv-02194 (N.D. Ill.); (c) state the full name and current address of the person seeking exclusion; (d) be signed by the person seeking exclusion; and (e) be postmarked or received by the Settlement Administrator on or before the Objection/Exclusion Deadline. The Settlement Administrator shall create a dedicated email address to receive exclusion requests electronically. Each request for exclusion must also contain a statement to the effect that "I hereby request to be excluded from the settlement in *Melvin v. Sequencing, Inc.*, No. 21-cv-02194 (N.D. Ill.)." A request for exclusion that does not include all of the foregoing information, that is sent to an address or email address other than that designated in the Notice, or that is not postmarked or electronically delivered to the Settlement Administrator within the time specified, shall be invalid and the persons serving such a request shall be deemed to

remain a Settlement Class Member and shall be bound by this Settlement Agreement, if approved. No person may request to be excluded from the Settlement Class through "mass" or "class" opt-outs, meaning, *inter alia*, that each individual who seeks to opt out must send an individual, separate request to the Settlement Administrator that complies with all requirements of this paragraph.

**Objections**

13. Any Settlement Class Member who has not timely filed a request for exclusion may object to the fairness, reasonableness, or adequacy of the Settlement Agreement, or to a Final Approval Order being entered dismissing the Action with prejudice in accordance with the terms of the Settlement Agreement, or to the attorneys' fees and expense reimbursement sought by Class Counsel, or to the requested incentive awards to the Class Representative as set forth in the Notice and Settlement Agreement. To object, Settlement Class Members must sign and file a written objection on or before the Objection/Exclusion Deadline.

14. Any Settlement Class Member who intends to object to this Settlement Agreement must present the objection in writing, which must be personally signed by the objector, and must include: (a) the person's full name and current address; (b) a statement that he or she believes himself or herself to be a member of the Settlement Class; (c) whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entirety of the Settlement Class; (d) the specific grounds for the objection; (e) all documents or writings that the person desires the Court to consider; (f) the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or

who may profit from the pursuit of the objection; and (g) a statement indicating whether the objector intends to appear at the Final Approval Hearing (either personally or through counsel, who must file an appearance or seek *pro hac vice* admission).

15. To be valid, all written objections must be filed with the Court and postmarked, emailed, or delivered to the Settlement Administrator, Class Counsel and Defendant's Counsel no later than the Objection/Exclusion Deadline.

| **Class Counsel:** | **Defendant's Counsel:** |
|---|---|
| Michael W. Ovca | Joel Griswold |
| movca@edelson.com | jcgriswold@bakerlaw.com |
| Edelson PC | Baker & Hostetler LLP |
| 350 North LaSalle Street, 14th Floor | One North Wacker Drive, Suite 3700 |
| Chicago, Illinois 60654 | Chicago, Illinois 60606 |

16. In addition, any objections made by a Settlement Class Member who is represented by counsel must be filed through the Court's CM/ECF system.

17. Any Settlement Class Member who fails to timely file a written objection with the Court and notice of his or her intent to appear at the Final Approval Hearing in accordance with the terms of this Section as detailed in the Notice, and at the same time provide copies to designated counsel for the Parties, shall not be permitted to object to this Settlement Agreement at the Final Approval Hearing, shall be foreclosed from seeking any review of this Settlement Agreement or the Final Approval Order by appeal or other means, and shall be deemed to have waived his or her objections and be forever barred from making any such objections in the Action or in any other action or proceeding.

**Final Approval Hearing**

18. The Final Approval Hearing shall be held before this Court on January 21, 2026 at 10:00 a.m., to determine (a) whether the proposed

7

settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate and should be given final approval by the Court; (b) whether a final judgment and order of dismissal with prejudice should be entered; (c) whether to approve the payment of attorneys' fees and expenses to Class Counsel; and (d) whether to approve the payment of an incentive award to the Class Representative. The Court may adjourn the Final Approval Hearing without further notice to Settlement Class Members.

19. Class Counsel shall file papers in support of any request for a Fee Award and the Class Representative's incentive awards (collectively, the "Fee Petition") with the Court on or before [132 days after entry of this Order]. The Fee Petition shall be filed with the Court and be promptly posted to the Settlement Website.

20. Plaintiff shall file his papers in support of final approval of the Settlement Agreement and any response to any objections with the Court on or before [160 days after entry of this Order].

IT IS SO ORDERED, this 28th day of July, 2025.

                                                                                   _____
                                                                                   Hon. Elaine E. Bucklo
                                                                                    United States District Judge